UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JEFFREY HARRIS,                                                         :
:
Plaintiff,                               :
:                     24-CV-1219 (JMF)
-v-                                    :
:                     MEMORANDUM OPINION
SHEET METAL WORKERS' NATIONAL PENSION   :                     AND ORDER
FUND,                                                                   :
:
Defendant.                               :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Jeffrey Harris sues Defendant Sheet Metal Workers' National Pension Fund (the "Fund") for refusing to pay him his early retirement pension in violation of Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(1)(b). *See* ECF No. 6 ("Compl."), ¶¶ 17-22. At issue here are two preliminary motions. First, the Fund moves, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike Harris's demand for a jury trial. *See* ECF No. 21; *see also* Compl. 4. Second, Harris moves for discovery beyond the administrative record. *See* ECF No. 37. The Court will address each motion in turn.

## MOTION TO STRIKE HARRIS'S JURY DEMAND

Rule 39(a) of the Federal Rules of Civil Procedure provides that where, as here, a jury trial has been demanded, "[t]he trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a). The first step in the analysis is to determine whether a statute grants the plaintiff a right to trial by jury. *See Brown v. Sandimo Materials*, 250 F.3d 120, 125-26 (2d Cir. 2001). If not, then the Court "must next consider whether a jury right inheres in the plaintiff['s] claim by virtue of the Seventh Amendment" to the U.S. Constitution, *id.* at 126, which provides that

"[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved," U.S. Const. amend. VII.

Applying this approach, the Court concludes that Harris has no right to a jury trial in this case. Harris unambiguously seeks to recover benefits under ERISA, *see* Compl. ¶¶ 18-22, and the Second Circuit has long and repeatedly held that "there is no right to a jury trial in a suit brought to recover ERISA benefits," *Sullivan v. LTV Aerospace & Def. Co.*, 82 F.3d 1251, 1258 (2d Cir. 1996), *abrogated on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 (2008); *O'Hara v. National Union Fire Ins. Co.*, 642 F.3d 110, 116 (2d Cir. 2011); *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 124 (2d Cir. 2003); *Tischmann v. ITT/Sheraton Corp.*, 145 F.3d 561, 568 (2d Cir. 1998); *DeFelice v. Am. Int'l Life Assurance Co. of N.Y.*, 112 F.3d 61, 64 (2d Cir. 1997). As the Circuit explained in *DeFelice*, "cases involving ERISA benefits are inherently equitable in nature, not contractual, and . . . no right to jury trial attaches to such claims." 112 F.3d at 64. That is because "the trust-like nature of the remedy renders [such] a claim . . . equitable, even though review of the denial is *de novo*." *Id.*

In the face of this precedent, Harris contends that he has a right to a jury trial because, "[i]n essence," he is "seeking to recover funds owed to him under a contract with his union." ECF No. 25 ("Pl.'s Opp'n"), at 1. But that is precisely the argument that was made — and unambiguously rejected — in *DeFelice*. *See* 112 F.3d at 64 (rejecting the plaintiff's argument that "her claim is more properly characterized as a legal claim for breach of contract, with the relief of money damages, and that she therefore has an absolute right to trial by jury under the Seventh Amendment"). Nor do the two decisions Harris cites in support of his argument — *Cunningham v. Cornell Univ.*, No. 16-CV-6525 (PKC), 2018 WL 4279466 (S.D.N.Y. Sept. 6, 2018), and *Garthwait v. Eversource Energy Co.*, No. 3:20-CV-00902 (JCH), 2022 WL 17484817 (D. Conn. Dec. 7, 2022) — call for a different result. For starters, those two decisions appear to be outliers, even within this

Circuit, and have been the subject of criticism by district courts beyond this Circuit. *See, e.g.*, *Williams v. Centerra Grp., LLC*, 579 F. Supp. 3d 778, 785 (D.S.C. 2022); *see also Popovchak v. UnitedHealth Grp. Inc.*, 692 F. Supp. 3d 392, 420 (S.D.N.Y. 2023). And in any event, the two decisions are inapposite, as the relevant claims did not seek ERISA benefits *per se*, as Harris does here, but were "'make good' claims arising from a breach of fiduciary duty" seeking to hold defendants personally liable for compensatory damages. *Garthwait*, 2022 WL 17484817, at *3; *see Cunningham*, 2018 WL 4279466, at *4; *see also Khan v. Bd. of Directors of Pentegra Defined Contribution Plan*, No. 20-CV-07561 (PMH), 2023 WL 6237862, at *3 (S.D.N.Y. Sept. 26, 2023).

In short, longstanding Second Circuit precedent compels the Court to hold that Harris does not have a right to a jury trial. Accordingly, the Fund's motion to strike is GRANTED.

## MOTION FOR DISCOVERY BEYOND THE ADMINISTRATIVE RECORD

Next, Harris moves for discovery beyond the administrative record. *See* ECF No. 37; *see also* ECF No. 34 (sealed). "In an ERISA case, the Court's review is ordinarily limited to the administrative record that was before the plan administrator when it made its benefit determination." *Hughes v. Hartford Life & Accident Ins. Co.*, 507 F. Supp. 3d 384, 389 (D. Conn. 2020); *accord Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995); *Cohen v. CME Grp. Inc. Severance Plan*, No. 21-CV-5324 (JMF), 2022 WL 1720318, at *2-3 (S.D.N.Y. May 27, 2022). That said, as this Court noted in *Cohen*, "[c]ourts in this Circuit appear to disagree about the relevant standard" for permitting discovery beyond the administrative record. 2022 WL 1720318, at *2. Some "courts have held that, 'at the discovery stage, the plaintiff . . . must show a reasonable chance that the requested discovery will satisfy the good cause requirement'" for considering evidence beyond the administrative record. 2022 WL 1720318, at *2 n.2 (quoting *Garban v. Cigna Life Ins. Co. of N.Y.*, No. 10-CV-5770 (JGK) (RLE), 2011 WL 3586070, at *2 (S.D.N.Y. Aug. 11, 2011)). Other courts "have found that such a special standard to govern ERISA cases is

3

unwarranted, and applied the ordinary discovery standard of allowing plaintiff to obtain any relevant evidence that 'appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* (cleaned up).  No matter the standard, however, where the sole issue in dispute is "the reasonableness of the administrator's decision" to deny ERISA benefits, "courts will [not] permit evidence beyond the administrative record." *See Paris-Absalom v. Aetna Life Ins. Co.*, No. CV 2011-0610 (RRM) (MDG), 2012 WL 4086744, at *2 (E.D.N.Y. Sept. 17, 2012).

In light of these standards, Harris's motion for discovery beyond the administrative record is easily denied.  Harris's challenge is to the reasonableness of the decision to deny him pension benefits, *see* Compl. ¶¶ 18-22, which turns on a review of the administrative record alone. Strikingly, Harris does not acknowledge this fact, let alone the well-established limits on discovery in ERISA benefits cases in his motion — omissions that are even more striking because, during the pretrial conference held on the record on September 12, 2024 (during which the issue of discovery was addressed and a deadline set for Harris's motion), the Court specifically referenced its decision in *Cohen* and advised Harris's counsel to address it in his motion.  It follows that he does not even come close to establishing that the circumstances that would justify discovery beyond the administrative record are present here.

## CONCLUSION

For the foregoing reasons, the Fund's motion to strike Harris's jury demand is GRANTED, and Harris's motion for discovery beyond the administrative record is DENIED.  Having considered the parties' proposal for next steps, *see* ECF No. 38, the Court orders that:

- The Fund shall file any motion for summary judgment **within forty-five days of the date of this Memorandum Opinion and Order**;

- Harris shall file any cross-motion for summary judgment and opposition to the Fund's motion, supported by a single, consolidated memorandum of law (not to exceed twenty-five pages), **within thirty days of the Fund's motion**;

- the Fund shall file any opposition to Harris's cross-motion and reply in support of its own motion, supported by a single, consolidated memorandum of law (not to exceed twenty-five pages), **within thirty days of Harris's submission**; and

- Harris shall file any reply in support of his cross-motion (not to exceed ten pages), **within two weeks of the Fund's opposition**.

Finally, the Fund reports that it "was able to redact personal identifying information [from the administrative record] prior to filing and has no further redactions to propose to the administrative record." *Id.* at 1. In light of that, and the presumption in favor of public access to judicial documents, the Court is inclined to believe that the administrative record can — indeed, must — be unsealed. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). If either party believes that the administrative record should remain sealed or that further redactions should be made to it before it is unsealed, that party shall file a letter-motion to that effect **within one week of the date of this Memorandum Opinion and Order**. In the absence of a letter-motion by that date, the Court will direct the Clerk of Court to unseal the administrative record without further notice to the parties.

The Clerk of Court is directed to terminate ECF Nos. 21 and 37.

SO ORDERED.

Dated: November 6, 2024
New York, New York

JESSE M. FURMAN
United States District Judge